IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL KURZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 12-03050-CV-S-JTM ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, and JOHN WATSON, | ) ) ) ) |
| Defendants. | ) |

# ORDER

Pending before the Court is the MOTION TO DISMISS FOR FRAUDULENT AND IMPROPER JOINDER [Doc. 2] filed by defendant Progressive Casualty Insurance Company ("Progressive") and the PLAINTIFF'S MOTION TO REMAND TO STATE COURT [Doc. 6] filed by plaintiff Crystal Kurz ("Kurz"). Both motions revolve around a second named defendant, John Watson ("Watson"). For the reasons set out herein, the motion to dismiss is denied and this case is remanded to state court.

Kurz originally filed this action in the Circuit Court of Greene County, Missouri, raising three counts. In Counts I and II, Kurz asserted causes of action against Progressive for payment of insurance proceeds and for vexatious refusal to pay insurance proceeds. In Count III, Kurz made a claim for defamation against both Progressive and Watson. Shortly after the action was filed, Progressive removed the case to this Court based on diversity of citizenship.

Federal courts are courts of limited jurisdiction and the "threshold requirement in every federal case is jurisdiction." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). It is beyond all debate, that federal diversity jurisdiction requires complete diversity, so that no

defendant is a citizen of the same state as any plaintiff.  *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402 (1978).  In this case, there is no dispute that Kurz is a citizen of the State of Missouri as is the named defendant Watson.  However, Progressive argues that this case falls within the narrow exception to complete diversity:

> [T]he right of an out-of-state defendant to remove a diversity suit to federal court "cannot be defeated by a fraudulent joinder of a resident defendant."

*Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (*quoting*, *in part*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921)).

The *Simpson* case is instructive.  In *Simpson*, an injured employee and Missouri resident brought a state court personal injury against his supervisor (also a Missouri resident) and an out-of-state corporation.  Subsequently, the out-of-state corporation removed the case to federal court and asked that the supervisor be dismissed based on workers' compensation immunity.  After the district court dismissed the supervisor and denied the injured employee's motion to remand, an appeal was taken.  After setting forth the fraudulent joinder doctrine, the court noted that the out-of-state manufacturer argued that the supervisor was an improper party because "he was immune from suit under the Missouri Workers' Compensation Law," while the injured employee asserted that the supervisor "was not fraudulently joined because there was a reasonable basis in fact and law supporting the claim against him."  *Id*. at 1083.  The court initially reasoned that the district court properly dismissed the supervisor.  Noting that the issue went to "subject matter jurisdiction," the court found that the supervisor was entitled to immunity because there no allegation raising an issue under the "something more" doctrine.  *Id*. at 1085-86.  As such, the motion to remand was properly denied.

2

In this case, Progessive argues that Watson has been fraudulently joined in that there exists no reasonable basis in fact and law to support a claim against Watson. *Compare Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."). Kurz counters by arguing that she has stated a viable claim against Watson under Missouri substantive law and, as such, the rule of *Strawbridge* defeats any claim to federal diversity jurisdiction.

The defamation claim against Watson arises from a letter authored by Watson[1] on behalf of Progressive that stated that an investigation had concluded that Kurz "made material misrepresentations of the facts regarding [an insurance] loss." The defamation claim details the damages allegedly suffered by Kurz as well as alleging that the statement was made with actual malice and other pleading elements required by Missouri law. *See*, *e.g.*, *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 313 (Mo. 1993) (*en banc*); MAI 23.10. However, Progressive argues that the separate defamation claim against Watson is impermissible under Missouri law because Watson was acting within the scope of agency for his disclosed principal [Progressive]. As support for this argument, Progressive relies heavily on the case of *Shobe v. Kelly*, 279 S.W.3d 203 (Mo. App. [W.D.] 2009).

---

[1] Progressive raises some issue as to whether Kurz can prove that Watson authored the letter in question. For purposes of the analysis at this stage of the proceedings, however, it is sufficient that Kurz's petition expressly alleges as a factual matter that Watson wrote the letter. *Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.*, 157 F.Supp.2d 1018, 1036 (N.D. Iowa 2001) (in conducting a fraudulent joinder analysis, a court assumes as true all factual matters set forth in a petition).

3

In *Shobe*, plaintiff sued her insurance company and the company's insurance adjuster for bad faith failure to settle. *Id*. at 208. Following jury verdicts against both defendants, an appeal was taken. The court concluded that the plaintiff had no viable cause of action against the individual adjuster for bad faith failure to settle. The court reasoned:

> The tort of BFFS was initially recognized by the Missouri Supreme Court in *Zumwalt v. Utilities Insurance Co.*, 360 Mo. 362, 228 S.W.2d 750 (1950). An insurer under a liability policy has a fiduciary duty to its insured to evaluate and negotiate third-party claims in good faith. Where it wrongfully breaches this duty and refuses to settle within policy limits, the insurer may be held liable for resulting losses to the insured. <u>The tort presupposes that the tortfeasor is the insurer and has the power to settle the claim</u>.

*Id*. at 209. Moreover, with regard to the adjuster, the court noted that:

(1) to the extent the adjuster had an opportunity to settle the claims, it was only through her employment with the insurance company,

(2) the adjuster did not personally control the settlement, she did not have the individual capacity to settle the claims, nor did she represent that she had such capacity, and

(3) any settlement monies were not the adjuster's funds.

*Id*. A similar result was also reached in *Hill v. HSBS, USA, NA*, 2009 WL 4755176, op. at *3 (E.D. Mo. Dec. 2, 2009), wherein the court concluded that an action could not be maintained against an agent personally for an alleged wrongful foreclosure.

Given the unique torts of wrongful foreclosure and bad faith failure to settle (which both presuppose a particular type of tortfeasor), the Court would be reluctant to impose those court

4

decisions to the facts alleged herein. The Court's reluctance is reinforced by a recent decision from the same court that decided *Shobe*.

In *Grisamore v. State Farm Mutual Automobile Insurance Co.*, 306 S.W.3d 570 (Mo. App. [W.D.] 2010), the plaintiff sued both his automobile insurance company and the company's claims representative for the alleged intentional torts of negligent and fraudulent misrepresentation. The lower court dismissed the claims against the claims representative, relying on the decision in *Shobe*. On the ensuing appeal, however, the appellate court reversed. In so ruling, the court simply noted:

> Unlike claims for bad faith failure to settle, claims for negligent and fraudulent misrepresentation do not presuppose that the tortfeasor is an insurer or even require involvement of insurance policies. The fact that [the claims representative] was acting as an agent for [the insurance company] does not change the fact that [the claims representative] may have made misrepresentations . . . that [the claims representative] may be liable as a result.

*Id*. at 576. For similar reasons, the Court concludes that *Shobe* and like cases do not shield an employee from potential liability for the intentional tort of defamation under Missouri law.[2]

In light of the fact that Kurz has stated a viable defamation claim against Watson, there is no fraudulent joinder in this case. Consequently, the rule of *Strawbridge* is violated in that there is no complete diversity of citizenship between the plaintiff and the named defendants. As such, the Court lacks subject matter jurisdiction over this case.

Accordingly, it is

---

[2] To be clear, the Court is not making any judgments as to whether, in fact, Watson (or Progressive) defamed Kurz. Rather, the Court only finds that Kurz has stated a claim under Missouri law upon relief could be granted against Watson for defamation.

5

**ORDERED** that DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS FOR FRAUDULENT AND IMPROPER JOINDER AND FOR REMOVAL, filed February 1, 2012 [Doc. 2] is **DENIED**. It is further

**ORDERED** that PLAINTIFF'S MOTION TO REMAND TO STATE COURT, filed February 14, 2012 [Doc. 6] is **GRANTED** and the Clerk of the Court shall **REMAND** this matter to the Circuit Court of Greene County, Missouri for all further proceedings.

*/s/ John T. Maughmer*
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**

6

Case 6:12-cv-03050-JTM   Document 14   Filed 04/24/12   Page 6 of 6